IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD E. BAKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  07-3274 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on a number of related Motions filed by Petitioner Richard Baker.  First, Petitioner filed a Sworn Motion to Disqualify AUSA Harris for Misconduct (d/e 8).  Petitioner states that the Government, in its Response to Petitioner's Sworn Motion for Default Summary Judgment (d/e 6), failed to account for the Supreme Court's October 2, 2006, denial of his Petition for writ of certiorari in calculating the timeliness of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1).  Petitioner argues that the Government's attorney, AUSA Gregory Harris, should be disqualified.  The Court makes its own, independent assessment of the

1

timeliness of a motion under 28 U.S.C. § 2255, however. Here, while the Court finds that Petitioner's Motion is timely, it sees no basis for disqualifying AUSA Harris. THEREFORE, Petitioner's Sworn Motion to Disqualify AUSA Harris for Misconduct (d/e 8) is DENIED.

Second, Petitioner has filed a Request for 30 Days to Do Fact Development, Unless Counsel Appointed (d/e 10). Petitioner indicates that he intends to conduct discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 6, a party must obtain court permission to conduct discovery; permission is authorized only "for good cause." R. Gov. § 2255 Proc. R. 6. The Court interprets Petitioner's Request for 30 Days to Do Fact Development, Unless Counsel Appointed as a request for permission to conduct Rule 6 discovery. The Court finds that Petitioner has not yet met his burden of demonstrating good cause. Before the Court will consider a Rule 6 request, Petitioner is directed to file an affidavit setting forth, in detail, the facts that he believes support his claim. Specifically, Petitioner's affidavit must contain the particular facts that he believes made his attorney aware, before trial or at the time of trial (not after trial), that: (1) Petitioner was not competent to stand trial; (2) Petitioner needed a psychiatric

evaluation; (3) witness Roger Massey falsified evidence; or (4) Petitioner was not competent to understand plea negotiations. Petitioner must file this affidavit with his Reply to the Government's Response to his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. After reviewing Petitioner's Reply and accompanying affidavit, the Court will determine whether an evidentiary hearing and Rule 6 discovery are warranted. THEREFORE, Petitioner's Request for 30 Days to Do Fact Development, Unless Counsel Appointed (d/e 10) is DENIED, but Petitioner is granted leave to file another request for Rule 6 discovery at the time he files his Reply and accompanying affidavit.

Third, Petitioner filed a Sworn Motion for Appointment of Counsel (d/e 9). Petitioner requests appointment of counsel to assist in a misconduct investigation of AUSA Harris and in conducting Rule 6 discovery. Because the Court has denied Petitioner's Motions regarding AUSA Harris and Rule 6 discovery, the Court finds appointment of counsel unnecessary at this time. Until such time as the Court determines that Rule 6 discovery or a hearing is necessary, or some other basis exists, the Court will not appoint counsel. THEREFORE, Petitioner's Sworn Motion for

Appointment of Counsel (d/e 9) is DENIED, but Petitioner is granted leave to request appointment of counsel if he files another request for Rule 6 discovery at the time he files his Reply and accompanying affidavit.

Fourth, Petitioner filed a Sworn Motion for Extension of Time to File Reply (d/e 7).  Petitioner requests 60 days to file a Reply to the Government's Response to his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, during which he wishes to conduct Rule 6 discovery.  Because the Court has denied Petitioner's request for Rule 6 discovery, 60 days is unnecessary, but the Court will extend Petitioner's deadline.

IT IS THEREFORE SO ORDERED.

ENTER:  January 7, 2008

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE